UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN ROXANA CASTILLO AVALOS,<br><br>　　　　　　　Petitioner,<br><br>　　　v.<br><br>WARDEN OF GEO GROUP, INC., *et al.*,<br><br>　　　　　　　Respondents. | Case No. 5:25-cv-03577-FLA (MAAx)<br><br>**ORDER GRANTING IN PART AND IN THE ALTERNATIVE PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [DKT. 2]** |

### RULING

On December 29, 2025, Petitioner Karen Roxana Castillo Avalos ("Petitioner") filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"), requesting, *inter alia*, orders barring Respondents from removing Petitioner from this district and for her immediate release from custody. Dkt. 2.[1] Petitioner asserts she is being deprived of her right to due process under the Fifth Amendment because she was re-arrested and detained by the Department of

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

Homeland Security without notice, hearing, or determination by a neutral arbiter. Dkt. 2-1 ("Mot. Br.") at 1. Petitioner also states she is being denied a meaningful opportunity to challenge her detention through a bond determination hearing, despite clear authority under 8 U.S.C. § 1226(a) and the United States District Court's ruling in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS (BFM), --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 20, 2025), *amended on Dec. 18, 2025*, 2025 WL 3713987, which Petitioner argues "confirms that noncitizens detained in the interior and not subject to mandatory detention are entitled to such hearings because they are not arriving aliens." *Id*. at 2. Respondents oppose the Motion. Dkt. 8 ("Opp'n"). The court finds this matter appropriate for resolution in part without oral argument and vacates the hearing set for January 30, 2026. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS the Motion in part and in the alternative and ORDERS Respondents to provide Petitioner with an individualized bond hearing before the Immigration Court, pursuant to 8 U.S.C. § 1226(a), within seven (7) days of the date of this Order. The court ENJOINS Respondents from transferring, relocating, or removing Petitioner from the Central District of California pending the final resolution of this action, absent further order by this court. In the event Petitioner has already been transferred outside this district, Respondents are ORDERED to return her to this district forthwith consistent with this Order.

## **DISCUSSION**

A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Alternatively, an injunction can also be justified if a plaintiff raises "serious questions going to the merits" and the balance of hardships "tips sharply

toward the plaintiff … assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984).

The Ninth Circuit follows a "sliding scale" approach to the four preliminary injunction elements, such that "a stronger showing of one element may offset a weaker showing of another, as long as plaintiffs establish that irreparable harm is likely." *Doe v. Kelly*, 878 F.3d 710, 719 (9th Cir. 2017). "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020).

"District courts have considerable discretion in crafting suitable equitable relief[.]" *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021) (quotation marks omitted). "The equitable relief granted by the district court is acceptable where it is necessary to give prevailing parties the relief to which they are entitled." *Id.* (cleaned up).

Petitioner is a citizen and native of the Republic of El Salvador who entered the United States with her family on March 27, 2024, and was released on her own recognizance that same day, in accordance with section 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, as well as the applicable provisions of Title 8 of the Code of Federal Regulations. Dkt. 2-3 ("Pet. Exs.") at 25; Dkt. 8-1 ("Ruiz Decl.") ¶ 6. On August 12, 2024, Petitioner filed a *pro se* application for asylum, withholding of removal, and protection under the Convention Against Torture with the Immigration Court. Pet. Exs. at 8–23. On January 2, 2025, Petitioner received notice that her individual hearing before the Immigration Judge was scheduled for July 16, 2026. *Id.* at 32–33.

On November 24, 2025, Petitioner was detained during a United States Customs and Immigration Services biometrics appointment related to her application

1  for employment authorization.  Mot. Br. at 3; Opp'n at 2.  Deportation Officer
2  Jonathan Ruiz states Petitioner was apprehended pursuant to an administrative arrest
3  warrant under 8 C.F.R. § 1236.1(b)(1).  Ruiz Decl. ¶ 9.  Petitioner requested a custody
4  redetermination pursuant to 8 C.F.R. § 1236, which the Immigration Court denied on
5  December 8, 2025, on the grounds that it lacked jurisdiction over the bond
6  proceedings.  Pet. Exs. at 39–41.

7  　　　The Immigration Court recognized that the district court in *Maldonado*
8  *Bautista*, certified a class including: "All noncitizens of the United States without
9  lawful status who (1) have entered or will enter the United States without inspection;
10 (2) were not or will not be apprehended upon arrival; and (3) are not or will not be
11 subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the
12 Department of Homeland Security makes an initial custody determination" (the "Bond
13 Eligible Class"), which included Petitioner.  Pet. Exs. at 39–40 (citing *Maldonado*
14 *Bautista*, 2025 WL 3288403, at *1).  However, because the *Maldonado Bautista*
15 decision was an order granting partial summary judgment rather than a final judgment,
16 the Immigration Court found it lacked jurisdiction pursuant to the Board of
17 Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A.
18 2025), which held that all aliens present in the United States without admission are
19 subject to mandatory detention during the duration of their immigration proceedings
20 under 8 U.S.C. § 1225(b), and not eligible for release under § 1226.  Pet. Exs. at 40.

21 　　　On December 18, 2025, the district court amended its decision and entered final
22 judgment declaring that 8 U.S.C. § 1226(a) was the proper governing authority for
23 those in the Bond Eligible Class, and that the class members were not subject to
24 mandatory detention under 8 U.S.C. § 1225(b)(2).  *Maldonado Bautista*, 2025 WL
25 3713987 at *12, 32.  The district court further vacated the Department of Homeland
26 Security policy described in the July 8, 2025 "Interim Guidance Regarding Detention
27 Authority for Applicants for Admission" under the Administrative Procedure Act, as
28 contrary to law.  *Id.* at *32.

Respondents argue Petitioner has not shown the government lacked authority to detain her, that the government revoked her release improperly, or that the only remedy for such procedural deficiency would be an order for her immediate release from detention. Opp'n at 3–6.[2] The court disagrees.

As it is undisputed Petitioner is a member of the Bond Eligible Class, the court finds Petitioner should be afforded a bond hearing before the Immigration Court promptly pursuant to the amended decision and final judgment in *Maldonado Bautista*.[3] *See* Mot. Br. at 2 (arguing the Immigration court's refusal to comply with the ruling in *Maldonado Bautista* "underscores the urgent need for judicial intervention"); Opp'n at 4–5 (arguing "the appropriate remedy for any such procedural deficiency would … [be] to remedy the specific procedural deficiency that might be established").

Accordingly, the court GRANTS the Motion in part and in the alternative and, consistent with the court's amended Order in *Maldonado Bautista*, 2025 WL 3713987, ORDERS Respondents to provide Petitioner with an individualized bond hearing before the Immigration Court, pursuant to 8 U.S.C. § 1226(a), within seven (7) days of the date of this Order, and ENJOINS Respondents from transferring, relocating, or removing Petitioner from the Central District of California pending the final resolution of this action, absent further order by this court. *See id.* In the event

---

[2] Respondents additionally argue Petitioner's detention is proper because, *inter alia*, the government has discretionary authority to revoke a parole granted under 8 C.F.R. § 212(d)(5). Opp'n at 4. Respondents, however, do not present or identify any evidence to establish Petitioner was granted parole under § 212, and fail to establish this regulation is relevant to these proceedings. Similarly, Respondents' contention that the INA does not provide for a pre-detention hearing under 8 U.S.C. § 1231, appears to be inapposite as that statute applies only after a final order of removal has been issued—which is not the case here.

[3] As Petitioner is entitled to an individualized bond hearing as a member of the *Maldonado Bautista* class, the court finds the *Winter* factors all favor the injunctive relief granted herein. *See Carlson*, 968 F.3d at 989.

1  Petitioner has already been transferred outside this district, Respondents are
2  ORDERED to return her to this district forthwith consistent with this Order.
3        The parties are ORDERED to: (1) file a joint statement within seven (7) days of
4  the bond hearing regarding the state of the action pending before the Immigration
5  Court, identifying what issues remain in dispute, if any, and addressing whether this
6  court continues to have jurisdiction over this action; (2) file a transcription or
7  recording of the bond hearing within fourteen (14) days of the hearing; (3) file a
8  complete copy of Petitioner's Alien file within seven (7) days of this Order; and (4)
9  file all evidence presently available to the parties concerning Respondents' assertion
10 "that Petitioner is currently wanted in El Salvador for multiple criminal offenses,
11 including Fraud and Money Laundering," Ruiz Decl. ¶ 8, including English language
12 translations of any requests for extradition and related documents, charging
13 instrument, arrest warrant, and evidence establishing the commission of such offenses,
14 within thirty (30) days of this Order.

      IT IS SO ORDERED.

Dated: January 29, 2026

                             FERNANDO L. AENLLE-ROCHA
                             United States District Judge