UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KAREN ROXANA CASTILLO AVALOS,

                                    Petitioner,

                    v.

WARDEN OF GEO GROUP, INC., *et al.*,

                                    Respondents.

Case No. 5:25-cv-03577-FLA (AYP)

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

1

On June 9, 2026, the Magistrate Judge issued a Report and Recommendation ("Report," Dkt. 19), recommending this court grant Petitioner Karen Roxana Castillo Avalos' ("Petitioner") Petition for Writ of *Habeas Corpus* ("Petition," Dkt. 1). Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition, the Report, Respondents' Objections to the Report ("Objection," Dkt. 22), Petitioner's Reply to Respondents' Objections ("Reply," Dkt. 23), and all relevant portions of the record, and conducted a *de novo* review of those portions of the Report to which objections were directed.

Petitioner was re-detained on November 24, 2025, after she previously had been released on her own recognizance subject to the Alternatives to Detention-Intensive Supervision Appearance Program. Dkt. 1 at 6–7; Dkt. 19 at 3. On February 5, 2026, an Immigration Judge held a bond hearing, pursuant to an Order of the court, at which time Petitioner's request for release on bond was denied. Dkt. 12. The Report now recommends Petitioner be released pursuant to her meritorious due process claim. Dkt. 19. Respondents' Objections do not merit a different result.

Respondents contend the action is moot because Petitioner received a bond hearing on February 5, 2026, and the Immigration Judge's bond determination became "the overriding, and legally operative, basis for Petitioner's current state of custody." Dkt. 22 at 2. The court disagrees. As this court stated in *Mumaev v. Semaia*, Case No. 5:25-cv-03409-FLA (MAR), 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026), "[t]he Immigration Court's decision to deny bond [four] months *after* Petitioner was arrested and re-detained … cannot support Petitioner's continued detention when the underlying arrest, revocation of parole, and re-detention were in violation of Petitioner's due process rights and, thus, invalid." *See also Camilo v. Johnson,* Case No. 5:26-cv-02414-HDV (KES), 2026 WL 1514339, at *1 n. 1 (C.D. Cal. May 27, 2026) (citing cases holding same).

Here, as in other similar immigration detention cases where courts have granted *habeas* relief, Petitioner alleged a violation of due process, for which she sought

2

immediate release as the remedy. Dkt. 1 at 10. "[S]ince the Petitioner alleges [s]he remains in custody in violation of [her] due process rights … Petitioner has a legally cognizable interest in the outcome of [her] constitutional challenge." *See Charaf v. Rios*, Case No. 5:26-cv-01971-MAR, 2026 WL 1270754, at *3 (C.D. Cal. May 5, 2026). Furthermore, because Petitioner's claims concerning the lawfulness of her re-detention have not been adjudicated, the Petition is not moot. *See Venega-Maltez v. Semaia*, Case No. 5:26-cv-00525-JAK (AGR), 2026 WL 846035, at *6 (C.D. Cal. Mar. 24, 2026).

Accordingly, the court ACCEPTS and ADOPTS the findings and recommendations of the Magistrate Judge, OVERRULES Respondents' Objections thereto, and ORDERS as follows:

1. The Petition for Writ of *Habeas Corpus* (Dkt. 1) is GRANTED;

2. Respondents shall release Petitioner Karen Roxana Castillo Avalos (A# 245-932-149) within twenty-four (24) hours of the date of entry of this Order, under the same conditions as she was released prior to her arrest on November 24, 2025, and re-detention;

3. Respondents shall return all property to Petitioner that was confiscated from her when she was arrested and processed into detention; and

4. Respondents shall file a status report within three (3) calendar days of Petitioner's release, attesting to Respondents' compliance with this Order.

The court REFERS Petitioner's request for costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act (Dkt. 1 at 25) to the Magistrate Judge for a further report and recommendation.

IT IS SO ORDERED.

Dated: July 1, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

3